UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANY DANIEL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-04714 |
| | § | |
| FIRST SERVICE CREDIT UNION, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before this Court is Defendant First Service Credit Union f/k/a Peoples Trust Federal Credit Union's ("Defendant") Motion for Summary Judgment (Doc. No. 13) and Motion to Excuse Mediation (Doc. No. 14). Plaintiff Dany Daniel ("Daniel") filed a response. (Doc. No. 16). After close consideration of the pleadings, admissible summary judgment evidence, and legal standards, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment (Doc. No. 13) and **DISMISSES** this case with prejudice.

### I.  Factual Background

This case arises from alleged unfair credit reporting. The Court notes that the factual record in this case is limited, as the Parties only reference certain attachments to the Original Petition as summary judgment evidence. Nevertheless, the Court provides here a short background of the presented facts that appear to be undisputed by the Parties. Daniel was a former member of the Defendant Credit Union and had opened three separate accounts: a motor vehicle loan, a line of credit, and a credit card.[1] (Doc. No. 13, 16). Daniel missed payments on three accounts. (Doc. Nos.

---

[1] The Parties do not provide much detail on the accounts, but the Parties appear to be in agreement that Daniel had taken out three different methods of obtaining credit through the three different

1, 13, 16). The Defendant sued Daniel to recover the missed payments, and the Parties reached a settlement in 2022. (*Id.*). The Settlement Agreement was not provided to this Court, even though the Parties dispute the scope of the settlement. Daniel alleges that the Defendant promised to "close the tradelines" for the three accounts, so the delinquent accounts would no longer have a negative effect on his credit score. (Doc. No. 1). The Defendant contends that the purported Settlement Agreement only required the Defendant to close the tradeline for one of the accounts (the motor vehicle loan). (Doc. No. 13). Despite the contention, the only evidence presented to this Court is a series of emails that appear to be between Daniel's attorney and one of the Defendant's employees. *See generally* (Doc. No. 1).

On October 18, 2024, Daniel filed this lawsuit in Harris County, Texas state court. (*Id.*). Daniel executed service on the Defendant, and the Defendant timely removed the case to this Court on the basis of federal question jurisdiction. (*Id.*). Daniel alleges that the Defendant is liable for (1) violations of the Texas Fair Debt Collection Act, (2) violations of the Texas Deceptive Trade Practices Act, (3) fraud, (4) negligent misrepresentation, and (5) violations of the Fair Credit Reporting Act. The Defendant filed a Motion for Summary Judgment on each of the claims. (Doc. No. 13). The Court addresses the claims below.

## II.   Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes

---

accounts. *See* (Doc. No. 13) ("[Daniel] was delinquent on three distinct FSCU accounts: (i) a motor vehicle loan . . ., (ii) a line of credit . . ., and (iii) a credit card account."); (Doc. No. 16) (describing "three accounts in [Daniel's] name: a motor vehicle loan, a line of credit, and a credit card").

2

demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

### III.   Analysis

As noted, Daniel alleges that the Defendant is liable for (1) violations of the Texas Fair Debt Collection Act, (2) violations of the Texas Deceptive Trade Practices Act, (3) fraud, (4) negligent misrepresentation, and (5) violations of the Fair Credit Reporting Act. (Doc. No. 1). The Defendant filed a Motion for Summary Judgment, alleging that there is no genuine dispute of material fact to support any of the five claims. (Doc. No. 13). The Court **GRANTS** the Defendant's Motion for Summary Judgment one each of the five causes of action.

### A. Violation of the Texas Fair Debt Collection Act

Daniel alleges that Defendant violated the Texas Fair Debt Collection Act ("TDCA"). TEX. FIN. CODE §§ 392.301 *et seq*. The Original Petition states that the Defendant's "violations under the act were numerous and avail Plaintiff to all the remedies provided by said act." In order to prevail on a claim for a violation of the TDCA, Daniel must prove that the Defendant is a "debt collector" or "third-party debt collector" under the Act. *Id.* The TDCA defines "debt collector" as "a person who directly or indirectly engages in debt collection" and a "third-party debt collector" as any debt collector "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due . . . ." *Id.* at § 391.001(6)–(7) (adopting the definition of "debt collector" for the definition of "third-party debt collector" in 15 U.S.C. § 1692a(6)).

The Defendant contests whether it is a debt collector or a third-party debt collector. If it is not, it is not subject to the TDCA and entitled to summary judgment. (Doc. No. 13). Daniel does not respond to this argument and instead, only argues that the claim should survive because of the "factual dispute as to whether the tradelines should have been deleted and whether continued reporting was false or misleading in the collection context." (Doc. No. 16).[2] Daniel has offered no evidence—attached to the Original Petition or any subsequent pleadings—to establish that the Defendant is subject to the TDCA. While the Court need not recite and review the remaining requirements to raise an issue of material fact with regard to the TDCA claim, the Court notes that

---

[2] The Court notes Daniel's Response to the Defendant's Motion for Summary Judgment was untimely. While the Court would ordinarily consider the untimely Response as "a representation of no opposition," *see* Local Rule 7(D), the Court nonetheless considers the Response for the purpose of resolving this litigation.

4

Daniel offers no evidence whatsoever of the underlying statutory violation. Without such evidence, the Defendant is entitled to summary judgment. The Court grants the Defendant's Motion for Summary Judgment (Doc. No. 13) and dismisses this claim with prejudice.

## B. Violation of the Texas Deceptive Trade Practices Act

Daniel alleges that the Defendant violated the Texas Deceptive Trade Practices Act ("DTPA"). TEX. BUS. & COM. CODE §§ 17.41–50. Daniel does not allege that the Defendant violated any specific provision of the DTPA, but rather generally claims that the Defendant's violations "were numerous and avail Plaintiff to all the remedies provided by said act." (Doc. No. 1). "To prove a violation of the DTPA, plaintiffs must prove that: (1) they are a consumer, (2) victimized by false, misleading, or deceptive acts, failures to disclose, or an unconscionable course of action, (3) which was a 'producing cause' of damages." *Streber v. Hunter*, 221 F.3d 701, 727 (5th Cir. 2000).

The Defendant argues that there is no evidence to support Daniel's DTPA claim. (Doc. No. 13). Daniel does not specifically respond to the lack of evidence argument, nor does he even identify a section of the DTPA which he claims the Defendant violated. Instead, he only argues that the claim should survive because of the "factual dispute as to whether the tradelines should have been deleted and whether continued reporting was false or misleading in the collection context." (Doc. No. 16). Daniel offers no evidence to demonstrate that he satisfies the statutory definition of "consumer," nor does he provide any evidence to support that he was "victimized" by false, misleading, or deceptive acts as required by the Act. (*Id.*). Daniel only provided this Court with conclusory allegations that the Defendant needed to remove the tradelines on all three of the delinquent accounts and a vague email chain attached to the Original Petition, but Daniel did not provide any summary judgment evidence that may support the elements of the statutory violation.

5

Without such evidence, the Defendant is entitled to summary judgment. The Court grants the Defendant's Motion for Summary Judgment (Doc. No. 13) and dismisses this claim with prejudice.

### C. Fraud

Daniel also alleges that the Defendant is liable for fraud. To prevail on this claim, Daniel must prove that: (1) the Defendant made a material representation that was false, (2) the Defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth, (3) the Defendant intended to induce Daniel to act upon the representation, and (4) Daniel actually and justifiably relied upon the representation and thereby suffered injury. *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).

The Defendant argues that Daniel has produced no evidence on any element of this claim, and as such, this Court should grant summary judgment. (Doc. No. 13). In response, Daniel points to the emails attached to the Original Petition and argues that these "emails constitute representations regarding deletion," "Plaintiff relied by tendering full payment," and the Defendant "continued reporting contradicts those representations, creating triable issues on falsity/misrepresentation." (Doc. No. 16). Even assuming that Daniel has offered enough evidence to create a genuine dispute of material fact on each element of the fraud claim (including intent or damages), the emails do not create a genuine dispute of material fact. While Daniel alleges that the Defendant had agreed to close the tradelines on all three delinquent accounts in the Settlement Agreement (which was not provided to this Court), all of the emails state "tradeline"—not "tradelines." *See* (Doc. No. 1) ("[W]e will delete the tradeline once the payment is posted to the account."). Therefore, even the few emails that Daniel provided to this Court do not create a genuine dispute of material fact that the Defendant is liable for fraud. Without such evidence, the

Defendant is entitled to summary judgment. The Court grants the Defendant's Motion for Summary Judgment (Doc. No. 13) and dismisses this claim with prejudice.

### D. Negligent Misrepresentation

Daniel also alleges that the Defendant is liable for negligent misrepresentation. In order to prevail on a negligent misrepresentation claim, Daniel must prove that: (1) the representation is made by the Defendant in the court of business, or in a transaction in which it has a pecuniary interest, (2) the Defendant supplies 'false information' for the guidance of others in their business, (3) the Defendant did not exercise reasonable care or competence in obtaining or communicating the information, and (4) Daniel suffers pecuniary loss by justifiably relying on the representation. *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

The Defendant argues that Daniel has produced no evidence on any element of this claim, and as such, this Court should grant summary judgment. (Doc. No. 13). In response, Daniel once again points to the emails attached to the Original Petition and argues that these "emails constitute representations regarding deletion," "Plaintiff relied by tendering full payment," and the Defendant "continued reporting contradicts those representations, creating triable issues on falsity/misrepresentation." (Doc. No. 16). The Court adopts the discussion of the emails above and finds that Daniel failed to establish a genuine dispute of material fact for any of the required elements of this claim. Without such evidence, the Defendant is entitled to summary judgment. The Court grants the Defendant's Motion for Summary Judgment (Doc. No. 13) and dismisses this claim with prejudice.

### E. Violations of the Fair Credit Reporting Act

Lastly, Daniel alleges that the Defendant violated the Fair Credit Reporting Act ("FCRA"). 15 U.S.C. § 1681 *et seq.* The Original Petition states that the "information on Plaintiff's credit

report is inaccurate," and the "Defendant notified a consumer reporting agency of the inaccuracy." (Doc. No. 1). Nevertheless, Daniel alleges that the Defendant "failed to investigate the issue reasonably" and "failed to update or correct the information." (*Id.*). The FCRA "imposes duties on those who furnish information to consumer reporting agencies when credit information is disputed," *Ruiz v. Equifax Info. Servs., LLC*, No. H-21-3851, 2023 WL 8480095, at *2 (S.D. Tex. Sep. 11, 2023), but Daniel does not identify the specific portion of the FCRA that it alleges the Defendant violated.

The Defendant argues that Daniel has produced no evidence of any statutory violation, and as such, this Court should grant summary judgment. (Doc. No. 13). In response, Daniel alleges that the Defendant engaged in "inaccurate reporting and unreasonable investigation despite disputes" and "the exhibits show ongoing reporting of charged-off status for [the Defendant] accounts after the agreement to delete." (Doc. No. 16). Daniel does not refer the Court to any specific evidence in the record. Although this Court does not have the obligation to "search the record for evidence," *Malacara*, 353 F.3d at 405, the Court notes that nothing in the emails attached to the Original Petition support these conclusory statements. Daniel has failed to provide any evidence of an investigation, credit dispute, or other occurrence that may implicate the FCRA. Without such evidence, the Defendant is entitled to summary judgment. The Court grants the Defendant's Motion for Summary Judgment (Doc. No. 13) and dismisses this claim with prejudice.

## IV.   Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the Defendant's Motion to Dismiss (Doc. No. 13). The Court denies the Defendant's Motion to Excuse Mediation (Doc. No. 14) as moot. The Court hereby dismisses all claims against the Defendant with prejudice, and the Court will enter a separate order compliant with Federal Rule of Civil Procedure 58.

It is so ordered.

Signed on this the 12th day of February 2026.

Andrew S. Hanen
United States District Judge